The judgment of the court was pronounced by
Preston, J.
The plaintiff brought suit on a written contract between the parties, dated the 21st of April, 1848, to make and burn, as he states, 300,000 bricks. He alleges that the defendant violated the conditions of the contract, and after he had progressed towards its completion, and was willing to complete it, the defendant discharged him without any cause whatever. He prays for damages, and that the defendant may be condemned to pay him according to the contract.
The contract was admitted in the answer, and the defendant plead that the plaintiff had failed to comply with his part of the contract within the time specified in it, and averred that he had faithfully complied with his covenants, and that it was through plaintiff’s fault that the contract had not been consummated; by which he had suffered damages to the amount of $1000, for which he sued in reconvention.
*576 The plaintiff, through error, stated in his petition, that he was to make and burn 300,000 instead of 200,000 bricks. When the contract was offered in evidence, it was objected to by the defendant, and rejected by the court, on- the ground that the quantity of brick specified in the contract differed from that stated in the petition.
The existence and execution of the contract was not disputed; and the quantity of brick specified in it was less than the quantity upon which the plaintiff, through error, had claimed damages in his petition. The greater the quantity, the greater the damages to which the plaintiff was entitled if his allegations were true. The defendant could therefore have suffered no injury by correcting the error in the petition, or admitting the contract in evidence.
The defendant was not taken by surprise by offering the contract in evidence, as it was manifestly referred to in the petition, as he had a duplicate and no suggestion was made that there was another contract between the parties. In the case of Tio v. Gordon, the notes sued upon were executed in 1838, but described as dated in 1837. They were annexed to the petition, and the defendant was not taken by surprise. Therefore, the court admitted the amendment of the petition on the trial, and the Supreme Court approved it. 14 L. R. 419. So as to the correcting of a name in the pleadings. Lallande v. Terrell, 12 L. R. 9. A similar amendment in the case of Tucker v. Liles, was made on the trial, and properly, as decided by the Supreme Court. 4 L. R. 298. The case of Chalmer v. Stowe, to the contrary, depended upon a special rule of court. 3 N. S. 309.
At all events, the court should have granted a new trial, and, in furtherance of justice, have allowed the correction of an immaterial error, which may be done at any time if the opposing party suffers no injury thereby. 1 M. R. 182, 183. Astor v. Morgan, 1 N. S. 583. 1 L. R. 433, 434.
The amendment did not change the nature of the action or issue, and therefore should have been admitted. Code of Practice, 419. 8 N. S. 438. The amendment required no answer, because issue was joined on everything material in the suit. 3 M. R. 398, 404. The only questions at issue were, which of the parties had failed to comply with the stipulations and conditions in the contract, and what damages had thereby been occasioned to the other. These being the only questions presented by the pleadings, and a contract being admitted, it should have been received in evidence, to show what were the conditions and stipulations of each party; also to show, that even if the defendant had violated its conditions, the plaintiff had not suffered the extent of damages which his attorney by error had claimed. The errors of an attorney may be always corrected, if the correction be not injurious to his adversary. The Ursuline Nuns v. Depassau, 7 N. S. 647. A cause may be remanded to correct the oversight of an attorney, if justice requires it. 10 L. R. 409.
It is therefore adjudged and decreed, , that the judgment of the district court be reversed, and that this case be remanded, with instructions to the judge to permit the plaintiff’s attorney to correct his petition, and to admit the contract between the parties in evidence on the trial of the cause; and that the appellee pay the costs of this appeal.